## ASHLAND OIL, INC. *v.* CARYL, TAX COMMISSIONER OF WEST VIRGINIA

No. 88–421.   Decided June 28, 1990

PER CURIAM.

Appellant Ashland Oil, Inc., a Kentucky corporation, is an integrated oil company that maintains business locations worldwide, including in West Virginia.   During the years at issue here, West Virginia imposed a gross receipts tax on persons selling tangible property at wholesale.   W. Va. Code § 11–13–2c (1983).   Local manufacturers were exempt from the tax.   § 11–13–2.   The West Virginia Tax Department conducted a detailed audit of Ashland's tax returns for fiscal years ending September 1975 and 1976 and assessed a

deficiency in tax payments of $181,313.22 for wholesale sales with West Virginia destinations. Ashland filed a timely petition for reassessment, primarily contending that the tax was unconstitutional as applied because there was an insufficient connection between its in-state activities and the transactions sought to be taxed. Juris. Statement 38a. After the State Tax Commissioner rejected Ashland's petition, Ashland appealed to the Circuit Court of Kanawha County. While the appeal was pending, this Court decided *Armco Inc.* v. *Hardesty*, 467 U. S. 638 (1984), which invalidated the West Virginia tax scheme that had also been applied against Ashland as discriminatory against interstate commerce. The State Circuit Court granted Ashland summary judgment on the basis of our decision in *Armco*.

The West Virginia Supreme Court of Appeals reversed, holding that *Armco* did not apply retroactively, and remanded for further proceedings. Relying on its state-law criteria for retroactivity, see *Bradley* v. *Appalachian Power Co.*, 163 W. Va. 332, 256 S. E. 879 (1979), which it considered to "follow closely the analysis employed by the United States Supreme Court in *Chevron Oil Co.* v. *Huson*, 404 U. S. 97, 106–[1]07 . . . (1971)," *Ashland Oil, Inc.* v. *Rose*, 177 W. Va. 20, 23, n. 6, 350 S. E. 2d 531, 534, n. 6 (1986), the court determined that *Armco* "represented a reversal of prior precedent, and that retroactive application of the *Armco* rule would cause severe hardship." *Id.*, at 25, 350 S. E. 2d, at 536. Accordingly, the court held that the State was not precluded from collecting the gross receipts taxes due for the fiscal years preceding the date of decision in *Armco*. *Id.*, at 25–26, 350 S. E. 2d, at 536–537. We dismissed Ashland's appeal of this decision for want of a final judgment. *Ashland Oil, Inc.* v. *Rose*, 481 U. S. 1025 (1987). On remand, the Circuit Court rejected Ashland's remaining claim, and the State Supreme Court of Appeals denied Ashland's request for review.

In its appeal to this Court, Ashland contends, among other claims, that the State Supreme Court of Appeals erred in determining that *Armco* applied prospectively only. Because "[t]he determination whether a constitutional decision of this Court is retroactive . . . is a matter of federal law," *American Trucking Assns., Inc.* v. *Smith,* 496 U. S. 167, 177 (1990), we must examine the state court's determination that *Armco* is not retroactive in light of our nonretroactivity doctrine.

Applying the view of retroactivity delineated by either the dissent or the plurality in *American Trucking Assns.,* we must reverse the state court's decision. Under the reasoning of the dissent in *American Trucking Assns., Armco* applies retroactively to the taxes assessed against Ashland because constitutional decisions apply retroactively to all cases on direct review. *American Trucking Assns., Inc.* v. *Smith, supra,* at 212 (STEVENS, J., dissenting). Under the approach of the plurality in *American Trucking Assns.,* the same result obtains, because *Armco* fails to satisfy the first prong of the plurality's test for determining nonretroactivity. See *Chevron Oil Co.* v. *Huson,* 404 U. S. 97, 106–107 (1971), quoted in *American Trucking Assns., Inc.* v. *Smith, supra,* at 179 (plurality opinion).

The first prong of the *Chevron Oil* test requires that "the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed." 404 U. S., at 106–107 (citation omitted). In *Armco,* an Ohio corporation contested the applicability of West Virginia's wholesale tax on its in-state sales of steel and wire rope. In ruling that the tax violated the Commerce Clause, the Court relied on *Boston Stock Exchange* v. *State Tax Comm'n,* 429 U. S. 318, 332, n. 12 (1977), which held that a State "may not discriminate between transactions on the basis of some interstate element." On its face, West Virgin-

ia's statutory scheme had just such a discriminatory effect, as it "provides that two companies selling tangible property at wholesale in West Virginia will be treated differently depending on whether the taxpayer conducts manufacturing in the State or out of it." *Armco, supra,* at 642.

The Court next considered the argument that the State's wholesale tax exemption did not discriminate against out-of-state taxpayers because it served as compensation for the imposition of a heavy manufacturing tax on in-state taxpayers. In *Maryland* v. *Louisiana,* 451 U. S. 725 (1981), we held that a tax on an out-of-state event may be considered a nondiscriminatory compensation for a tax on an in-state event when the State "is attempting to impose a tax on a substantially equivalent event to assure uniform treatment of goods and materials to be consumed in the State." *Id.,* at 759. Applying this test to the West Virginia tax scheme, the Court determined that "manufacturing and wholesaling are not 'substantially equivalent events' such that the heavy tax on in-state manufacturers can be said to compensate for the admittedly lighter burden placed on wholesalers from out of State." *Armco, supra,* at 643. The Court distinguished *Alaska* v. *Arctic Maid,* 366 U. S. 199 (1961), and *Caskey Baking Co.* v. *Virginia,* 313 U. S. 117 (1941), two cases that predated the compensatory tax doctrine enunciated in *Boston Stock Exchange* and *Maryland* v. *Louisiana. Armco, supra,* at 643, n. 7.

Finally, the Court rejected the argument that Armco should be required to prove the tax had actual discriminatory impact. Instead, the Court asserted that the "internal consistency" test, enunciated in *Container Corp. of America* v. *Franchise Tax Bd.,* 463 U. S. 159, 169 (1983), was applicable "where the allegation is that a tax on its face discriminates against interstate commerce." *Armco, supra,* at 644.

*Armco* unquestionably contributed to the development of our dormant Commerce Clause jurisprudence. See, *e. g.,* Judson & Duffy, An Opportunity Missed: *Armco, Inc.* v.

*Hardesty*, A Retreat from Economic Reality in Analysis of State Taxes, 87 W. Va. L. Rev. 723, 740–743 (1985) (suggesting that *Armco*'s invalidation of a facially discriminatory tax statute signaled a retreat from the economically realistic approach adopted by *Complete Auto Transit, Inc. v. Brady*, 430 U. S. 274 (1977), and a return to a more formalistic analysis); Lathrop, *Armco*—A Narrow and Puzzling Test for Discriminatory State Taxes Under the Commerce Clause, 63 Taxes 551, 558–559 (1985). In adopting the internal consistency test, *Armco* extended that doctrine beyond the context in which it had originated. See 467 U. S., at 648 (REHNQUIST, J., dissenting). Nevertheless, *Armco* neither overturned established precedent* nor decided "an issue of first impression whose resolution was not clearly foreshadowed." *Chevron Oil, supra*, at 106. To be sure, *Armco* paved the way for *Tyler Pipe Industries, Inc. v. Washington State Dept. of Revenue*, 483 U. S. 232 (1987), which arguably "overturn[ed] a lengthy list of settled decisions" and "revolutionize[d] the law of state taxation," *id.*, at 257 (SCALIA, J., concurring in part and dissenting in part), by extending the internal consistency test. *Armco* itself, however, was not revolutionary. See *American Trucking Assns., Inc. v. Scheiner*, 483 U. S. 266, 303 (1987) (O'CONNOR, J., dissenting) ("At most, *Armco* may be read for the proposition that a tax that is facially discriminatory is unconstitutional if it is not 'internally consistent'").

---

*The Court's dismissal for want of a substantial federal question of *Columbia Gas Transmission Corp. v. Rose*, 459 U. S. 807 (1982), a case raising a nearly identical challenge to the state tax, see 467 U. S., at 644, n. 7, a year prior to deciding *Armco*, does not amount to the "overruling [of] clear past precedent on which litigants may have relied." *Chevron Oil Co. v. Huson*, 404 U. S. 97, 106 (1971). The Court gives less deference to summary dispositions, see, *e. g., Caban v. Mohammed*, 441 U. S. 380, 390, n. 9 (1979), and it is unlikely that West Virginia relied upon the 1982 dismissal of *Columbia Gas*, given that the statute struck down in *Armco* had been in effect for more than 50 years.

Because *Armco* did not overrule clear past precedent nor decide a wholly new issue of first impression, it does not meet the first prong of the *Chevron Oil* test. *Armco* thus applies retroactively under either the rule advocated by the plurality or the rule advocated by the dissent in *American Trucking Assns., Inc.* v. *Smith.* Accordingly, the State Supreme Court of Appeals erred in declining to apply *Armco* retroactively to determine the constitutionality of the State's imposition of taxes on Ashland for the years at issue. The motion of the Committee on State Taxation of the Council of State Chambers of Commerce for leave to file a brief as *amicus curiae* is granted. We reverse the judgment of the State Circuit Court and remand the case for further proceedings not inconsistent with this opinion.

*It is so ordered.*