485 S.E.2d 445

STATE of West Virginia ex rel. Rosalie MITCHEM, Personal Representative of Linda Gail Woods, Petitioner,

v.

Honorable H.L. KIRKPATRICK, III, Judge of the Circuit Court of Raleigh County; Fayette–Monroe–Summers Mental Health Council, Inc.; David K. Walker; Michael A. Kelly, M.D.; Raleigh General Hospital; Yolanda A. Santos, M.D.; Ali Suleiman, M.D., and Richard C. Wisman, M.D., Respondents.

No. 23889.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 25, 1997.

Decided April 14, 1997.

502

Stuart Calwell, David H. Carriger, Calwell & McCormick, Charleston, for Petitioner.

John F. McCuskey, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Charleston, for Respondents Fayette–Monroe–Raleigh–Summers Mental Health Council, Inc. and David Walker.

Richard L. Earles, Shuman, Annand & Poe, Charleston, for Respondent Michael A. Kelly, M.D.

Paul T. Farrell, Farrell, Farrell & Farrell, L.C., Huntington, for Respondent Raleigh General Hospital.

Jeffrey M. Wakefield, Flaherty, Sensabaugh & Bonasso, Charleston, for Respondent Beckley Hospital, Inc.

J. Victor Flanagan, Kimberly J. Carpenter, Pullin, Knopf, Fowler & Flanagan, Charleston, for Respondent Yolanda A. Santos, M.D.

Robert L. Brandfass, Constance H. Weber, Kay, Casto, Chaney Love & Wise, Charleston, for Respondent Ali Suleiman, M.D.

Kevin B. Burgess, Hamilton, Burgess, Young, Tissue & Pollard, PLLC, Oak Hill, for Respondent Richard C. Wisman, M.D.

PER CURIAM:

In this original proceeding for a writ of prohibition/mandamus, we are asked to return the underlying medical malpractice case to the county where the suit was originally filed based on our decision in *State ex rel. Riffle v. Ranson,* 195 W.Va. 121, 464 S.E.2d 763 (1995). The transfer of the underlying suit occurred before our decision in *Riffle,* and, unlike *Riffle,* no appeal of the transfer was sought. Because the original transfer was proper under case law in effect when the transfer was ordered and the parties to the underlying suit did not seek our review of the transfer, we deny the requested writ.

I.

FACTS AND BACKGROUND

On May 9, 1995, Rosalie Mitchem, acting as Personal Representative of Linda Gail Woods, filed the underlying medical malpractice suit in Kanawha County. The complaint alleged that David K. Walker, M.D., one of

the defendants, lives in Kanawha County. According to the complaint, the other defendants live in Raleigh County where the alleged medical malpractice occurred and all the defendants work or have their place of business in Raleigh County. On June 2, 1995, one of the defendants filed a motion to transfer the suit to Raleigh County based on the common law doctrine of *forum non-conveniens*. The relator opposed the transfer arguing that Kanawha County was more convenient because most of the lawyers' offices were located in Kanawha County and the jury would be less likely to be biased. After a hearing, by order entered on September 15, 1995, the Kanawha County circuit court transferred the underlying suit to Raleigh County "upon the ground of *forum non-conveniens*." No appeal or other review of the transfer order was sought.

On March 18, 1996 in the Circuit Court of Raleigh County, the relator filed a motion to return the underlying suit to Kanawha County. The relator argued that based on this Court's decision in *Riffle*,[1] holding that *W. Va. Code*, 56–1–1(b) [1986] is the exclusive authority for a discretionary transfer or change of venue, the transfer of her suit to Raleigh County was improper, and that as the plaintiff, she "has a clear right to the proper forum of her choice." By order entered on August 9, 1996, the Raleigh County Circuit Court denied the relator's motion for a transfer. The circuit court noted that although the original transfer "may have been improvident" in light of *Riffle*, there was no ground under *Riffle* and *W. Va. Code*, 56–1–1(b) [1986] to transfer the case back to Kanawha County.

On November 26, 1996, the relator petitioned this Court for a writ of prohibition/mandamus to prohibit the Circuit Court of Raleigh County from taking further action in the underlying case and to order the underlying case transferred back to the Circuit Court of Kanawha County. On December 4, 1996, we issued a rule to show cause in prohibition returnable on February 25, 1997.

## II.

## DISCUSSION

### A.

### Jurisdiction and Standard of Review

■ We begin by noting that a writ of prohibition is an appropriate method to challenge a transfer. The factors for determining when a rule to show cause in prohibition should be awarded are noted in syllabus point 1 of *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979), which states:

> In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

*See also* syl. pt. 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996).

In *Riffle*, 195 W.Va. at 124, 464 S.E.2d at 766, we noted that questions involving transfers and venue are "of considerable importance to the judicial system" and the relief permitted by appeal might be inadequate. We also noted that original actions have recently been used to resolve substantial legal issues concerning venue. *See Riffle, id.; State ex rel. Smith v. Maynard*, 193 W.Va. 1, 454 S.E.2d 46 (1994). *See also State ex rel. John Doe v. Troisi*, 194 W.Va. 28, 459 S.E.2d 139 (1995) (noting the extraordinary nature of mandamus, prohibition and injunction against the court).

■ In this case, we are asked to determine a question involving venue and the application of our holding in *Riffle*. Because of

1. *Riffle* was submitted for a decision on Septem- ber 12, 1995 and decided on October 27, 1995.

these extraordinary circumstances, we find that the exercise of original jurisdiction is appropriate under *Hinkle.*

■ Similar to *Riffle,* we apply a plenary review to the circuit court's decision because the issue in this case involves a legal question concerning our holding in *Riffle.* Our decision in *Riffle,* 195 W.Va. at 124, 464 S.E.2d at 766, was based on a statutory interpretation, which is reviewed *de novo.* The determination of how to deal with the cases that arose before *Riffle* recognized the extent of the statutory change requires a plenary review, and therefore in these circumstances, we apply a *de novo* review.

## B.

### Discussion

■ Recently in several cases, we have considered the doctrine of *forum non-conveniens* and the 1986 revisions to *W. Va.Code,* 56–1–1(b).[2] In *State ex rel. Smith v. Maynard, supra,* we held that *W. Va.Code,* 56–1–1(b)[1986] is the exclusive control for transfer decisions where its prerequisites are met. "As a consequence, to the extent that the West Virginia doctrine of *forum non conveniens* has survived this new statutory enactment, it applies only where W.Va.Code, 56–1–1(b), does not apply (footnote omitted)." *State ex rel. Smith v. Maynard,* 193 W.Va. at 7, 454 S.E.2d at 52. In *Riffle,* we addressed the question left unresolved by *State ex rel. Smith v. Maynard,* namely whether by this codification, the Legislature excluded and abolished all other forms of intra-state applications of the doctrine of *forum non-conveniens.* In the syllabus of *Riffle,* we concluded: "W.Va.Code, 56–1–1(b) (1986), is the exclusive authority for a discretionary transfer or change of venue and any other transfer or change of venue from one county to another within West Virginia that is not

explicitly permitted by the statute is impermissible and forbidden." *See McGuire v. Fitzsimmons,* 197 W.Va. 132, 134 n. 3, 475 S.E.2d 132, 134 n. 3 (1996).

However, *Riffle* left unresolved what was the effect, if any, on cases already transferred. We note that the statutory changes occurred in 1986 and, generally, the effective date of the statute controls. After the 1986 revisions to *W. Va.Code,* 56–1–1(b)[1986], a contrary line of cases adopted and defined the common law doctrine of *forum non-conveniens. See State ex rel. Smith v. Maynard, supra; Cannelton Industries, Inc. v. Aetna Cas. & Surety Co. of Am.,* 194 W.Va. 186, 460 S.E.2d 1 (1994); *Norfolk & Western Railway Co. v. Tsapis,* 184 W.Va. 231, 400 S.E.2d 239 (1990) (adopting the doctrine of *forum non-conveniens*).

■ Because of the delay during which cases were transferred under the doctrine of *forum non-conveniens,* we decline to apply automatically the statute's effective date of 1986. The long delay created circumstances which are similar to those arising from an overrule of a previous decision. In *Bradley v. Appalachian Power Co.,* 163 W.Va. 332, 351, 256 S.E.2d 879, 890 (1979), we considered various factors in determining that "the new rule of comparative negligence is fully retroactive." The factors used to determine retroactivity were outlined in syllabus point 5 of *Bradley,* which provides:

In determining whether to extend full retroactivity, the following factors are to be considered: First, the nature of the substantive issue overruled must be determined. If the issue involves a traditionally settled area of law, such as contracts or property as distinguished from torts, and the new rule was not clearly foreshadowed, then retroactivity is less justified. Second, where the overruled decision deals with procedural law rather than substantive,

---

2. *W. Va.Code,* 56–1–1(b)[1986] provides:

Whenever a civil action or proceeding is brought in the county wherein the cause of action arose, under the provisions of subsection (a) of this section, if no defendant resides in such county, a defendant to the action or proceeding may move the court before which the action is pending for a change of venue to a county wherein one or more of the defen-

dants resides, and upon a showing by the moving defendant that the county to which the proposed change of venue would be made would better afford convenience to the parties litigant and the witnesses likely to be called, and if the ends of justice would be better served by such change of venue, the court may grant such motion.

retroactivity ordinarily will be more readily accorded. Third, common law decisions, when overruled, may result in the overruling decision being given retroactive effect, since the substantive issue usually has a narrower impact and is likely to involve fewer parties. Fourth, where, on the other hand, substantial public issues are involved, arising from statutory or constitutional interpretations that represent a clear departure from prior precedent, prospective application will ordinarily be favored. Fifth, the more radically the new decision departs from previous substantive law, the greater the need for limiting retroactivity. Finally, this Court will also look to the precedent of other courts which have determined the retroactive/prospective question in the same area of the law in their overruling decisions.

Case law has emphasized the degree of change or novelty of the idea as a major factor in determining the retroactive/prospective question. In *Ashland Oil, Inc. v. Caryl*, 497 U.S. 916, 917, 110 S.Ct. 3202, 3203, 111 L.Ed.2d 734, 736 (1990) (*per curiam* ), the U.S. Supreme Court retroactively applied this Court's holding in *Ashland Oil, Inc. v. Rose*, 177 W.Va. 20, 350 S.E.2d 531 (1986) invalidating the business and occupation tax on wholesales by out-of-state manufacturers. The U.S. Supreme Court emphasized that retroactivity applied because the decision invalidating the tax did not overrule clear legal precedent or decide a wholly new idea. *See Application of Dailey*, 195 W.Va. 330, 341–2, 465 S.E.2d 601, 612–13 (1995) (decision applied prospectively because although it was not a clear departure from prior precedent, it addressed for the first time the licensing statute); *State ex rel. Holmes v. Gainer*, 191 W.Va. 686, 693, 447 S.E.2d 887, 894 (1994) (prospective application because there was no judicial precedent construing *W. Va. Const.* art. 6, § 33); *Winkler v. State School Bldg. Authority*, 189 W.Va. 748, 764–65, 434 S.E.2d 420, 436–37 (1993) (bonds issued prior to date of opinion were not invalid based on a departure from precedent and substantial nature of the issue).

When the *Bradley* factors are considered in the current case, we conclude that our decision in *Riffle* should be applied prospectively to cases transferred without an appeal. The following factors indicate prospective application: (1) the nature of the overruled issue, the first factor; (2) substantial public issue, the fourth factor; and (3) radical nature of the departure, the fifth factor. In *Riffle*, the issue involved a common law doctrine that was a settled area of the law and although *State ex rel. Smith v. Maynard* appears, with the benefit of hindsight, to foreshadow the change, our holding in *Smith* did not clearly indicate the doctrine had been abolished by the codification. Because of the delay, a substantial public issue was developed because of the cases transferred under the *forum non-conveniens* doctrine. Finally, the *Riffle* opinion was a radical departure, which indicates a need for limiting retroactivity.

The *Bradley* factors that may indicate that retroactivity should be extended, include: (1) procedural law more readily accorded retroactivity, the second factor; and (2) common law decisions generally have more limited impact, the third factor. Although a cursory review of these two factors appears to favor a retroactive application of our *Riffle* decision, both these factors, upon careful review, indicate limiting retroactivity. Both of these factors are based on the idea of minimal impact. However, in this case the impact is unknown. In addition, we note that we are dealing with preference for and not the integrity of a court. A case could not have been transferred under the *forum non-conveniens* doctrine to a court that was biased or without some relationship to the parties. On balance, because our decision in *Riffle* was a departure from a well-recognized doctrine in an area of substantial interest, we find that prospective application is justified.

Our consideration of the *Bradley* factors leads us to conclude that our decision in *Riffle, supra*, shall have prospective application for transferred cases. Prospective application means that cases, which were transferred under the doctrine of *forum non-conveniens* after October 27, 1995, the date *Riffle* was filed, should request the circuit

court to reconsider the transfer in light of our decision in *Riffle*. Unless extraordinary relief was sought,[3] cases which were transferred under the doctrine of *forum non-conveniens* before October 27, 1995, are not entitled to any relief under *Riffle*. Once a case is transferred, *W. Va.Code* 56–1–1(b)[1986] controls any subsequent transfer.

In this case, the transfer was ordered before our decision in *Riffle* and is not subject to either reconsideration in light of our decision in *Riffle* or extraordinary relief from this Court. Because the present case was properly transferred, based on the case law applicable at that time, any subsequent transfer is controlled by *W. Va.Code*, 56–1–1(b)[1986]. We agree with the circuit court judge that in this case a transfer under *W. Va.Code*, 56–1–1(b)[1986] back to Kanawha County is not warranted. *See supra* note 2 for text of *W. Va.Code*, 56–1–1(b)[1986].

For the above stated reasons, we deny the requested writ and dismiss the rule to show cause previously issued.

Writ denied.

---

3. We are unaware of any petitions pending before this Court concerning transfers made under the now abrogated doctrine of *forum non-conve-* *niens*. However, if such a petition is pending, our decision today would not automatically reject a consideration of the petition.