## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **Change of Name Regarding Minors, S.U.**

**No. 21-0258** (Kanawha County 20-P-138 and 20-P-139)

## MEMORANDUM DECISION

Self-represented petitioner S.U.[1] appeals the Circuit Court of Kanawha County's March 19, 2021, order dismissing his appeals from a family court order denying his motions to reinstate two petitions to change the names of his minor children. Respondent C.J., the children's mother, did not appear. On appeal, petitioner alleges that the circuit court "violate[d] the Supremacy Clause, Due Process, and West Virginia law."

This Court has considered petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, petitioner's brief, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

We have previously issued detailed memorandum decisions concerning petitioner S.U.'s attempts to divest his children's mother of her custody of their children and even her status as the children's mother. *See S.U. v. C.J.* ("*S.U. I*"), No. 18-0566, 2019 WL 5692550 (W. Va. Nov. 4, 2019)(memorandum decision); *S.U. v. C.J.* ("*S.U. II*"), No. 19-1181, 2021 WL 365824 (W. Va. Feb. 2, 2021)(memorandum decision); *In re Adoption of E.U., L.U.-1, and L.U.-2* ("*Adoption I*"), No. 20-0039, 2021 WL 4935772 (W. Va. Oct. 13, 2021)(memorandum decision); *In re The Children of: S.U. v. C.J.*, Nos. 20-0515, 20-0516, 20-0612, and 20-0710, 2021 WL 4936476 (W. Va. Oct. 13, 2021)(memorandum decision). Despite our repeated rulings upholding the mother's legal rights, petitioner again predicates his appeal on the baseless assertion that she was a gestational surrogate. As we have previously ruled, there was never a valid, enforceable gestational surrogacy agreement between petitioner S.U. and respondent. *S.U. I*, No. 18-0566, 2019 WL

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

5692550, at \*4 (finding that "all of [petitioner's assignments of error] . . . [w]ere grounded on his contention that [respondent] was nothing more than a gestational surrogate for the parties' three youngest children" and declining to disturb the family court's resolution of this issue in respondent's favor). Further, we have stressed that respondent "is the legal mother of all four children."[2] *Id.* As has become clear through his repeated attacks on respondent's continued exercise of a maternal relationship with, and custody over, the children, petitioner S.U. refuses to accept the validity and finality of these determinations. Yet again, petitioner begins his statement of facts by characterizing respondent as nothing more than a gestational surrogate, an assertion that has become tedious.

The scope of the matter currently on appeal is extremely limited and concerns only an order by the Family Court of Kanawha County denying petitioner's motion to reinstate previously dismissed petitions to change the names of two children, and the circuit court's order dismissing the appeal of that order. On appeal, petitioner has included in his appendix record documents from several different proceedings, including from different counties, that are not at issue in this appeal. Petitioner chose not to appeal from these prior orders and, accordingly, cannot now assign error to any rulings contained therein. Instead, we are bound to solely analyze the ruling in the proceedings from which he did appeal, Kanawha County docket numbers 20-P-138 and 20-P-139.

With these limitations in mind, we note that this appeal concerns petitioner's attempt to change the names of two of his children without providing notice to their mother. It is important to stress that petitioner has a history of refusing to refer to the children by their legal names and was, in fact, held in contempt for this very behavior. In 2019, petitioner refused to call two of the children by their legal names, and the Family Court of Mason County used this fact as a partial basis to both terminate petitioner's remote visits with the children and to hold him in contempt for the fifth time in those proceedings. *In re The Children of: S.U. v. C.J.*, No. 20-0515, 20-0516, 20-0612, and 20-0710, 2021 WL 4936476, at \*2. Despite this, petitioner continued to refer to these children by names other than their legal names in correspondence with Birth to Three staff and the children's school principal, and also in his legal filings. *Id.* at \*3. As a result, yet again, petitioner was found to be in contempt. *Id.*

Petitioner then filed petitions to change two of the children's names in the Family Court of Kanawha County in February of 2020. The following month, the Family Court of Kanawha County transferred the petitions to the Family Court of Mason County, in part, upon a finding that "there is a pending case involving the parties herein[] in Mason County (Civil Action No. 16-D-233 [*S.U. I*])." Petitioner then filed a motion to vacate the order transferring the petitions, although the record is unclear if a ruling issued on this motion.

In the meantime, by orders entered on March 10, 2020, the Family Court of Mason County dismissed the petitions upon finding that it "currently has jurisdiction over the custody proceeding involving the minor child[ren]'s parents" and that petitioner failed to name the children's mother as a respondent, despite the fact that she is entitled to notice of the proceedings. According to the Family Court of Mason County, petitioner "filed the petition[s] in an attempt to defraud the

---

[2]Petitioner S.U. and respondent have two additional children who are not at issue in the current matter.

2

Kanawha County Family Court and [the children's mother]." The court dismissed the petitions without prejudice. The Family Court of Mason County then reiterated that "[i]n keeping with the [c]ourt's order entered on January 31, 2020, . . . [petitioner] is prohibited from filing a pro se petition for change of name for the minor children," among other restrictions. Importantly, the Family Court of Mason County's orders were explicit that they were "final order[s] which any party may appeal." Petitioner did not appeal these orders. Instead, he moved to set aside the orders, and that request was denied by orders entered on March 17, 2020. The Family Court of Mason County again indicated that these were final, appealable orders, yet petitioner once again chose not to appeal.

Instead, petitioner again filed petitions in the Family Court of Kanawha County to change two of the children's names. These petitions were given docket numbers 20-P-138 and 20-P-139 and give rise to the current appeal. By orders entered on June 3, 2020, the Family Court of Kanawha County again transferred the petitions to the Family Court of Mason County upon a finding that the court there continued to exercise jurisdiction over a matter involving the parties.

On June 16, 2020, the Family Court of Mason County issued orders dismissing the petitions, again finding that petitioner failed to name the children's mother as a respondent. The court again found that petitioner filed the motions in an attempt to defraud the Kanawha County court and the children's mother. The court dismissed the petitions without prejudice, although it reiterated its earlier limitations on petitioner's ability to file self-represented pleadings. The court noted that these were final, appealable orders, yet petitioner chose not to file an appeal.

On June 22, 2020, in the Family Court of Kanawha County, petitioner filed a "Motion To Reinstate" that he claimed was filed "[p]ursuant to West Virginia Rule 59" without specifying the particular set of rules to which he referred. In his motion, petitioner asserted that the family court erred in transferring the petitions to Mason County and that he, "by law, will be forced to re-file the same petitions in this [c]ourt if this [c]ourt does not reinstate the same." Petitioner also stated that the "Mason County Family Court's Dismissal Order states that it will not accept further transfers" despite the fact that the orders contain no such finding. Instead, the Family Court of Mason County explained that it would not accept future petitions for name changes, or transfers thereof, "until such time as [petitioner] has complied with the [c]ourt's prior [o]rder entered on March 10, 2020, in civil action number 20-D-35."

By order entered on June 26, 2020, the Family Court of Kanawha County denied petitioner's motion to reinstate, finding that this was petitioner's "second or third attempt to fraudulently file pleadings which are subject to the jurisdiction of the Family Court of Mason County." The court further ordered the Clerk of the Circuit Court of Kanawha County not to accept any future self-represented filings for name changes from petitioner, in addition to any cases related to the children's mother, given that the parties were subject to the jurisdiction of the Family Court of Mason County.

In July of 2020, petitioner appealed the Family Court of Kanawha County's order denying his motion to reinstate, raising the following three grounds: (1) denial of due process in failing to hold a hearing on the petitions, limiting petitioner's ability to file future self-represented pleadings, claiming that petitioner attempted to fraudulently file pleadings, identifying respondent as the

children's mother, and failing to direct petitioner to perfect service on respondent; (2) failure to abide by West Virginia Code § 48-25-101(a)(1), permitting a petition for name change to be filed in the county in which the party was born; and (3) violation of West Virginia Code § 56-1-1(b), governing change of venue in civil actions.

On March 19, 2021, the Circuit Court of Kanawha County entered a "Dismissal Order" denying petitioner's appeal. According to the order, petitioner "filed substantially similar petitions in no less than two county courts and has been warned on multiple occasions that he must provide notice to the infant minors' statutorily recognized mother if he intends to file petitions to change the names of the infant minors." As such, the court found that the petitions "were filed for the improper purpose of changing the minors' names without providing service to the minors' custodial parent." The court also found no error in the limitations on petitioner's ability to file self-represented pleadings in regard to the children and respondents "on the basis that jurisdiction regarding the custody of the minor children continues in the Mason County Family Court." It is from the court's order denying his appeal that petitioner appeals.

At the outset, we must first parse out the nature of petitioner's "Motion to Reinstate." In his motion, petitioner indicated that it was filed "[p]ursuant to West Virginia Rule 59" without providing any additional information. Accordingly, we are left to guess as to which set of this Court's rules petitioner refers. Presumably, petitioner refers to Rule 59(e) of the West Virginia Rules of Civil Procedure governing motions to alter or amend a *judgment*.[3] Rule 54(a) of the Rules of Civil Procedure defines "judgment" as "a decree and any order from which an appeal lies." We have further explained "that a writ of prohibition is an appropriate method to challenge a transfer" because "the relief permitted by appeal might be inadequate." *State ex rel. Mitchem v. Kirkpatrick*, 199 W. Va. 501, 503, 485 S.E.2d 445, 447 (1997). In addressing the appropriate manner in which to challenge the transfer of an action, we have also explained as follows:

> Considering the inadequacy of the relief permitted by appeal, we believe this issue should be settled in this original action if it is to be settled at all. In recent times in every case that has had a substantial legal issue regarding venue, we have recognized the importance of resolving the issue in an original action.

*State ex rel. Riffle v. Ranson*, 195 W. Va. 121, 124, 464 S.E.2d 763, 766 (1995).

Indeed, that is the case here, as even if petitioner were correct that transfer was inappropriate, neither the Family Court of Kanawha County nor the Circuit Court of Kanawha County had the authority to grant petitioner any relief from the prior order transferring his petitions to Mason County once the latter court exercised jurisdiction over the petitions. It is also important to note that petitioner chose not to appeal any of the orders from Mason County, thereby depriving

---

[3]This Court has previously addressed the confusing nature of litigants giving Rule 59(e) motions improper titles and instructed that "[c]alling a Rule 59(e) motion a motion to 'reconsider', 'vacate', 'set aside', or 'reargue' is confusing to a trial court, and where such motions are filed within ten days of judgment they should be correctly styled as Rule 59(e) motions to alter or amend judgment." Syl. Pt. 6, *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995) (citation omitted).

this Court of the ability to review the issues addressed therein. Because of these failures, petitioner cannot be entitled to relief on appeal to this Court. Accordingly, we decline to address petitioner's arguments on appeal related to the Family Court of Kanawha County's application of West Virginia Code § 48-25-101, governing petitions for name changes.

It is also important to note that petitioner continues to advance several arguments that are directly counter to the many rulings from this Court regarding his children. Specifically, petitioner asserts that "Mason County family court did not have jurisdiction in action 16-D-233," the proceeding that gave rise to *S.U. I*. This is clearly false and undermines all of petitioner's positions before this Court. The Family Court of Mason County properly exercised jurisdiction over the proceedings that gave rise to *S.U. I*, and petitioner may not challenge that jurisdiction, especially in a proceeding that does not originate from Mason County. Further undermining his position on appeal, petitioner argues that "it is only the parent who has the right to name their child" and that respondent "is not a parent of S.U.'s children and has no rights regarding S.U.'s children." As this position has been repeatedly rejected, it will, again, find no purchase before this Court.

Further compounding petitioner's errors is the fact that, in support of his argument, he incorporates his briefing from prior cases before this Court "and reasserts the same as if fully stated herein." Given that petitioner was unsuccessful in these prior proceedings, he cannot be entitled to relief in the current matter upon the same baseless arguments. *See In re The Children of: S.U. v. C.J.*, No. 20-0515, 20-0516, 20-0612, and 20-0710, 2021 WL 4936476 (W. Va. Oct. 13, 2021)(memorandum decision).

Finally, we find that petitioner is entitled to no relief in regard to his assertion that the circuit court erred in upholding the family court's restrictions on his ability to file self-represented pleadings. This is not the first appeal in which petitioner has taken issue with a court's order imposing limitations on his ability to file self-represented pleadings. *See id.* at *5-6. Given that several courts have repeatedly found that his petitions to change the children's names were filed for fraudulent purposes—in conjunction with the fact that he was twice held in contempt in Mason County for his failure to address the children by their legal names—we find no error in the reasonable limits on his ability to file additional self-represented pleadings. *See Nelson v. W. Va. Pub. Emp. Ins. Bd.*, 171 W. Va. 445, 453-54, 300 S.E.2d 86, 95 (1982) ("[E]very person is not entitled to his day in court regardless of the frivolous nature of the suit. Parties whose interest in the legal process is to oppress or cheat others should be discouraged."); *Mathena v. Haines*, 219 W. Va. 417, 422, 633 S.E.2d 771, 776 (2006) ("While access to courts is a recognized fundamental right, it is also a commonly recognized principle that such right of access is not without limitations."); *State ex rel. James v. Hun*, 201 W. Va. 139, 141, 494 S.E.2d 503, 505 (1997) (The "right of meaningful access to the courts is not completely unfettered.").

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 19, 2021, order is hereby affirmed.

Affirmed.

ISSUED: May 17, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

Justice Walker, concurring, and joined by Chief Justice Hutchison:

I concur with this memorandum decision. But by taking up and rejecting this appeal, we in no way condone Petitioner's continued filing of frivolous, vexatious, and harassing petitions and appeals. And I encourage the Family Court of Mason County to fully utilize its civil contempt powers under West Virginia Code § 51-2A-9 if Petitioner attempts to circumvent its orders by filing in another court, as he did here, or by otherwise disregarding its authority. These powers include the ability to increase monetary sanctions and "place the person on work release, in a weekend jail program, in an existing community service program, in an existing day-reporting center program, in any other existing community corrections program or on home confinement until the person has purged himself or herself of the contempt."[4]

Previous monetary sanctions have proved inadequate to deter Petitioner from filing vexatious litigation and wasting this State's judicial resources. For instance, in another proceeding, the family court required Petitioner to pay $1,500 in attorney fees and post a cash bond with the clerk of court to ensure future compliance with orders after many "instances where [it] found [P]etitioner to be in willful and contumacious contempt of a prior order against harassment and that he had the ability to follow the orders but failed to do so."[5] And on another occasion, the family court found Petitioner in contempt—for the fifth time in that case—and required him to pay additional cash bonds and attorney fees.[6] But Petitioner continues to disregard the family court's authority. So, the family court has not yet used "the least possible power adequate to the end proposed . . ."[7] and should utilize the additional remedies permitted by West Virginia Code § 51-2A-9(c), if the problem persists.

Chief Justice Hutchison joins me in this concurrence.

---

[4] W. Va. Code § 51-2A-9(c).

[5] *In re The Children of: S.U. v. C.J.*, No. 20-0515, 20-0516, 20-0612, and 20-0710, 2021 WL 4936476, at *2.

[6] *Id.*

[7] W. Va. Code § 51-2A-9 (b).